## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

JOANN JOHNSON                                                           PLAINTIFF

v.                              No. 4:05CV01904 JLH

OAKDALE NURSING FACILITY                                            DEFENDANT

## OPINION AND ORDER

Joann Johnson brings this Title VII suit pro se against her employer MDM Corporation d/b/a

Oakdale Nursing Home, incorrectly named as "Oakdale Nursing Facility," alleging retaliation and

race discrimination.  Johnson alleges that she was fired in retaliation for bringing a lawsuit against

Oakdale to recover vacation pay in 1996.  Johnson also alleges that Oakdale discriminated against

her on the basis of race when she was fired.  Oakdale now moves for summary judgment.  For the

following reasons, that motion is granted.

### I.

A court should enter summary judgment when "the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter

of law."  FED. R. CIV. P. 56(c); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.

Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986).  A genuine issue exists only if there is sufficient evidence

to allow a jury to return a verdict for the nonmoving party.  *Anderson*, 477 U.S. at 249, 106 S. Ct.

at 2511.  In deciding a motion for summary judgment, the Court views the facts in the light most

favorable to the nonmoving party and draws all inferences in his favor, mindful that summary

judgment seldom should be granted in discrimination cases where claims are often based on inferences. *Peterson v. Scott County*, 406 F.3d 515, 520 (8th Cir. 2005); *Bassett v. City of Minneapolis*, 211 F.3d 1097, 1099 (8th Cir. 2000) (collecting cases). *But see Bainbridge v. Loffredo Gardens, Inc.*, 378 F.3d 756, 762 (8th Cir. 2004) (Arnold, J., dissenting).

## II.

The pertinent facts in this case are undisputed.[1]  Johnson was employed by Oakdale as a nurse in its nursing facility on two separate occasions.  Her first term of employment lasted eight or nine years and ended in 1996 when she was terminated.  At that time, Leonard Wiggins owned Oakdale and was involved in its administration.  Shortly after termination, Johnson brought suit against Oakdale and Wiggins in small claims court to recover vacation pay.  Johnson lost that suit.

Wiggins retired from Oakdale in 2002.  Although still the owner of Oakdale, Wiggins did not participate in its day-to-day administration after his retirement.  In October of 2005, Johnson again applied for a position at Oakdale.  After an interview with Jackie Fletcher, the director of nursing at Oakdale, Johnson was hired on October 12, 2005.  Wiggins did not know that Johnson had been hired.  Johnson never saw or spoke to Wiggins during her second term working for Oakdale.

After a few days of orientation, Johnson was placed in the position of charge nurse.  As charge nurse, Johnson was responsible for dispensing medications to the residents at Oakdale. Medications were kept in a locked medicine cart.  The narcotic medications were "double-locked," i.e. they were kept in a locked container that was kept inside the locked medicine cart.  Johnson had

---

[1] Because Johnson has not submitted any statement of the material facts as to which she contends a genuine issue exists to be tried, as required under Local Rule 56.1(c), all of the facts in Oakdale's Statement of Material Facts Not in Dispute are deemed admitted.

the key to the narcotics box.

On October 17, 2005, Johnson was given a written "Medication Error Report" after it was discovered at the end of Johnson's shift that the narcotics count for liquid morphine prescribed for one Oakdale resident was short by 2.5 cubic centimeters, or approximately half a teaspoon. The report recorded the reason for the shortage as Johnson's pouring the morphine into a small plastic cup before dispensing it to the resident rather than drawing it into a syringe, a more accurate way to measure dosage.

On October 18, 2005, Johnson received a second medication error report. Next to the heading "Explanation/reason medication error was made" was written "[n]urse deficient [with] med pass procedure [and] order processing. Nurse giving multiple prn [and] scheduled controls [without] using good nursing judgment." Johnson had given an Oakdale resident medication that had been discontinued by the resident's physician. As a result of this error, the resident's level of consciousness decreased, she had difficulty breathing, and her physician had to be notified.

After the second medication error in two days, Fletcher terminated Johnson on October 18, 2005. Wiggins did not know that Johnson was terminated, nor did he have any input in her being disciplined. Johnson filed this suit on December 20, 2005, after being issued a right-to-sue letter by the EEOC on December 2, 2005.

### III.

Johnson brings two claims against Oakdale: first, she alleges that Wiggins harbored a grudge against her bringing a small-claims lawsuit against him ten years ago and that Oakdale fired her in retaliation for bringing that lawsuit; second, she alleges that she was terminated because of her race. Both claims fail because Oakdale has offered a legitimate, nondiscriminatory reason for terminating

Johnson, and Johnson has not produced any evidence to show the reason is pretext for retaliation or unlawful discrimination.  Regardless of whether an employee can make out a prima facie claim for retaliatory termination under Title VII, an employee bears the burden of showing that any legitimate, nondiscriminatory reason proffered by the employer for her termination is a mere pretext for a retaliatory motive.  *Wallace v. Sparks Health Sys.*, 415 F.3d 853, 860 (8th Cir. 2005).  Similarly, if an employer can, by a preponderance of the evidence, produce a legitimate, nondiscriminatory reason for the employee's termination in a disparate treatment claim, the employee has the burden of showing that the proffered reason is a mere pretext for discrimination.  *Richardson v. Sugg*, 448 F.3d 1046, 1060 (8th Cir. 2006).

Assuming that Johnson could make out a prima facie case for both retaliation and race discrimination, Oakdale has offered a legitimate, nondiscriminatory reason for Johnson's termination.  Johnson made two serious medical errors in two days, one of which adversely affected a resident in a manner serious enough for Oakdale to have to notify that resident's doctor.  Performance issues of a serious nature are a legitimate reason for terminating an employee.  *Cf. Shanklin v. Fitzgerald*, 397 F.3d 596, 603 (8th Cir. 2005); *Ward v. First Fed. Savings Bank*, 173 F.3d 611, 617 (7th Cir. 1999);  *Abioye v. Sundstrand Corp.*, 164 F.3d 364, 367 (7th Cir. 1998).

Once the employer comes forward with evidence of a reason other than retaliation or unlawful discrimination for the employee's discharge, the employee has the burden to produce evidence sufficient to create a genuine issue of material fact regarding whether the employer's proffered reason is mere pretext for retaliation or intentional discrimination.  *Maxfield v. Cintas Corp. No. 2*, 427 F.3d 544, 550 (8th Cir. 2005); *Peterson v. Scott County*, 406 F.3d 515, 524 (8th Cir. 2005).  An employee may demonstrate pretext by two different methods.  First, a plaintiff may

succeed indirectly by showing that the employer's proffered explanation is unworthy of credence because it has no basis in fact. *Wallace v. DTG Operations, Inc.*, 442 F.3d 1112, 1120 (8th Cir. 2006). Under this method, the employee must rebut the employer's underlying factual claims by establishing that the employer's explanation has no basis in fact. *Id*. Second, a plaintiff may succeed directly by persuading the court that a prohibited reason more likely motivated the employer. *Id*. Under this method, the employee rebuts the employer's ultimate factual claim regarding the absence of discriminatory or retaliatory intent. *Id*. at 1121.

Regarding a claim of retaliation, an employee may prove pretext by demonstrating that the employer's proffered reason has no basis in fact, that the employee received a favorable review shortly before she was terminated, that similarly situated employees who did not engage in the protected activity were treated more leniently, that the employer changed its explanation for why it fired the employee, or that the employer deviated from its policies. *Stallings v. Hussman Corp.*, 447 F.3d 1041, 1052 (8th Cir. 2006). As for a claim of disparate treatment, a plaintiff may create an inference of unlawful race discrimination and thus defeat summary judgment in various ways: by producing direct evidence of the employer's discriminatory intent in the form of actions or remarks; by producing evidence that the position remained open after the discharge and was ultimately filled by a person of a different race; by relying on comparisons of treatment of similarly situated employees of a different race; or by some other means that gives rise to an inference that race, and not some other discriminatory or non-discriminatory criteria, motivated the discharge. *See Rodgers v. U.S. Bank, N.A.*, 417 F.3d 845, 859 n.9 (8th Cir. 2005) (Colloton, J., concurring) (citations omitted).

Johnson has failed to present *any* evidence that Oakdale's proffered reason for her

termination was a pretext for either retaliation or race discrimination.   On the contrary, the undisputed evidence shows that Wiggins, the only Oakdale actor that Johnson alleges had any motive to discriminate or retaliate against her whatsoever, took no part in her being disciplined and terminated.  Johnson has therefore not presented a triable issue of material fact and Oakdale's motion for summary judgment is granted.

## CONCLUSION

For the foregoing reasons, Oakdale's motion for summary judgment is GRANTED. Document #19.

IT IS SO ORDERED this 7th day of August, 2006.

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE